FILED
CLERK, U.S. DISTRICT COURT
4/15/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___asi___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2025 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:25-cr-00283-MCS |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. §§ 2251(a), (e): Production of Child Pornography; 18 U.S.C. § 2422(b): Enticement of a Minor to Engage in Criminal Sexual Activity; and 18 U.S.C. §§ 2252A(a)(5)(B), (b)(1): Possession of Child Pornography; 18 U.S.C. §§ 2253 and 2428: Criminal Forfeiture] |
| JOSE HENRY AYALA CASIMIRO, aka "Henry Ayala," aka "ayalahenry818," aka "Cocohennn," and aka "CocohennnnXdddd," | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2251(a), (e)]

On or about December 11, 2022, in Los Angeles County, within the Central District of California, defendant JOSE HENRY AYALA CASIMIRO, also known as ("aka") "Henry Ayala," aka "ayalahenry818," aka "Cocohennn," aka "CocohennnnXdddd," knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 1, who had not attained the age of 18 years, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for

1  the purpose of producing a visual depiction of such conduct, knowing
2  and having reason to know that such visual depiction would be
3  transported and transmitted using any means and facility of
4  interstate and foreign commerce and in and affecting interstate and
5  foreign commerce.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COUNT TWO

[18 U.S.C. § 2422(b)]

On or about January 4, 2022, in Los Angeles County, within the Central District of California, defendant JOSE HENRY AYALA CASIMIRO, also known as ("aka") "Henry Ayala," aka "ayalahenry818," aka "Cocohennn," aka "CocohennnnXdddd," used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, namely, Minor Victim 2, whom defendant knew to be under the age of 18, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT THREE

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(1)]

On or about January 6, 2023, in Los Angeles County, within the Central District of California, defendant JOSE HENRY AYALA CASIMIRO, also known as ("aka") "Henry Ayala," aka "ayalahenry818," aka "Cocohennn," aka "CocohennnnXdddd," knowingly possessed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and that had been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, knowing that the file was child pornography. The file defendant possessed was titled, "Record_2023-01-06-23-38-58-1imh55zpyz3g2.mp4".

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 2253]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in either Count One or Count Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to

5

the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 2428]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2428, in the event of the defendant's conviction of the offense set forth in Count Two of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a)  All right, title, and interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of any such offense;

(b)  All right, title, and interest in any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly from any such offense; and

//

//

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
United States Attorney

DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division

IAN V. YANNIELLO
Assistant United States Attorney
Chief, Terrorism and Export Crimes Section

AMANDA ELBOGEN
Assistant United States Attorney
Terrorism and Export Crimes Section