BILAL A. ESSAYLI
United States Attorney
DAVID T. RYAN (Cal. Bar No. 295785)
Assistant United States Attorney
Chief, National Security Division
AMANDA ELBOGEN (Cal. Bar No. 332505)
Assistant United States Attorney
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4491/5748
    Facsimile: (213) 894-2979
    E-mail:    david.ryan@usdoj.gov
               amanda.elbogen@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>JOSE HENRY AYALA CASIMIRO,<br>  aka "Henry Ayala,"<br>  aka "ayalahenry818,"<br>  aka "Cocohennn," and<br>  aka "CocohennnXdddd,"<br><br>       Defendant. | No. CR 25-283-MCS<br><br>STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT TRIAL DATE:**  6-10-2025<br>**PROPOSED TRIAL DATE:** 12-9-2025 |
|---|---|

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys David Ryan and Amanda Elbogen, and defendant Jose Henry Ayala Casimiro ("defendant"), both individually and by and through his counsel of record, Deputy Federal Public Defender Shannon Coit, hereby stipulate as follows:

1.  The Indictment in this case was filed on April 15, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on April 3, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before June 24, 2025.

2.  On April 22, 2025, the Court set a trial date of June 10, 2025, and a status conference date of June 2, 2025.

3.  Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately three days.

4.  By this stipulation, defendant moves to continue the trial date to December 9, 2025, and the status conference to December 1, 2025. This is the first request for a continuance.

5.  Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a.  Defendant is charged with violations of 18 U.S.C. §§ 2251(a), (e) (Production of Child Pornography); 18 U.S.C. § 2422(b) (Enticement of a Minor to Engage in Criminal Sexual Activity); and 18 U.S.C. §§ 2252A(a)(5)(B), (b)(1) (Possession of Child Pornography). The government has produced discovery to defendant including criminal history reports, body-worn camera footage, and search warrants and warrant applications. The government has made available to the defense numerous videos and photographs containing the child sexual abuse material ("CSAM") at issue in this case. Much of the remaining discovery in this case contains information relating to child victims and/or witnesses. Accordingly, the parties have prepared a stipulation for a protective order to govern the dissemination and disclosure of discovery in this

1  case.  The government has prepared several hundred pages of discovery
2  to produce to the defense upon entry of the protective order,
3  including reports of law enforcement agencies and records obtained
4  from third party businesses, upon entry of the protective order.
5         b.   On April 3, 2025, defendant's current counsel
6  substituted in as counsel of record.  Defense counsel is presently
7  scheduled to be in an assault of a federal employee trial in United
8  States v. Zaitsev, CR No. 25-154-SPG, on May 20, 2025, which is
9  estimated to last three to four days; a multi-defendant campaign
10 fraud trial in United States v. Navarro et al., CR No. 23-461-MCS, on
11 July 15, 2025, which is estimated to last three weeks; a drug
12 distribution and firearm possession trial in United States v. Hart,
13 CR No. 24-775-AH, on July 15, 2025, which is estimated to last one
14 week; a multi-defendant drug trafficking trial in United States v.
15 Estrada, CR No. 23-564-MWF, on August 5, 2025, which is estimated to
16 last two weeks; and a drug trafficking trial in United States v.
17 Vega, CR No. 24-759-JFW, on October 7, 2025, which is estimated to
18 last three to four days.  Accordingly, counsel represents that she
19 will not have the time that she believes is necessary to prepare to
20 try this case on the current trial date.
21        c.   In light of the foregoing, counsel for defendant also
22 represents that additional time is necessary to confer with
23 defendant, conduct and complete an independent investigation of the
24 case, conduct and complete additional legal research including for
25 potential pre-trial motions, review the discovery and potential
26 evidence in the case, and prepare for trial in the event that a
27 pretrial resolution does not occur.  Defense counsel represents that
28 failure to grant the continuance would deny her reasonable time

necessary for effective preparation, taking into account the exercise of due diligence.

       d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

       e.   The government does not object to the continuance.

       f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of June 10, 2025, to December 9, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.   Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time

4

periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: May 2, 2025					Respectfully submitted,

							BILAL A. ESSAYLI
							United States Attorney

							DAVID T. RYAN
							Assistant United States Attorney
							Chief, National Security Division


							      /s/
							_____
							DAVID T. RYAN
							AMANDA ELBOGEN
							Assistant United States Attorneys

							Attorneys for Plaintiff
							UNITED STATES OF AMERICA

    I am JOSE HENRY AYALA CASIMIRO's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than December 9, 2025, is an informed and voluntary one.

_____      5/4/2025
SHANNON COIT                         Date
Deputy Federal Public Defender
Attorney for Defendant
JOSE HENRY AYALA CASIMIRO

    I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than December 9, 2025.

_____      5/4/2025
JOSE HENRY AYALA CASIMIRO            Date
Defendant