BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
AMANDA B. ELBOGEN (Cal. Bar No. 332505)
Assistant United States Attorney
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5748
    Facsimile: (213) 894-2979
    E-mail:   Amanda.elbogen@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>           v.<br><br>JOSE HENRY AYALA CASIMIRO,<br>  aka "Henry Ayala,"<br>  aka "ayalahenry818,"<br>  aka "Cocohennn," and<br>  aka "CocohennnnXdddd,"<br><br>        Defendant. | No. CR 25-283-MCS<br><br>PLEA AGREEMENT FOR DEFENDANT<br>JOSE HENRY AYALA CASIMIRO |

    1.    This constitutes the plea agreement between JOSE HENRY AYALA CASIMIRO ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.    Defendant agrees to:

a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts one and three of the indictment in <u>United States v. Jose Henry Ayala Casimiro</u>, CR No. 25-283-MCS, which charge defendant with Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a), (e), and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(1).

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.    Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

1          i.   Complete the Financial Disclosure Statement on a form

2    provided by the USAO and, within 30 days of defendant's entry of

3    guilty pleas, deliver the signed and dated statement, along with all

4    of the documents requested therein, to the USAO by either email at

5    usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

6    Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

7    Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

8    criminal debt shall be assessed based on the completed Financial

9    Disclosure Statement and all required supporting documents, as well

10   as other relevant information relating to ability to pay.

11         j.   Authorize the USAO to obtain a credit report upon

12   returning a signed copy of this plea agreement.

13         k.   Consent to the USAO inspecting and copying all of

14   defendant's financial documents and financial information held by the

15   United States Probation and Pretrial Services Office.

16         l.   Agree to and not oppose the imposition of the

17   following conditions of probation or supervised release:

18         i.   Within three (3) days of release from prison,

19   defendant shall register as a sex offender, and keep the registration

20   current, in each jurisdiction where defendant resides, is employed

21   and is a student, pursuant to the registration procedures that have

22   been established in each jurisdiction.  When registering for the

23   first time, defendant shall also register in the jurisdiction in

24   which the conviction occurred if different from defendant's

25   jurisdiction of residence.  Defendant shall provide proof of

26   registration to the Probation Officer within 48 hours of

27   registration.

28

3

ii.   Defendant shall participate in a psychological counseling or psychiatric treatment or a sex offender treatment program, or any combination thereof as approved and directed by the Probation Officer.  Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing.  Defendant retains the right to invoke the Fifth Amendment.  The Court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the treatment provider.   The treatment provider may provide information (excluding the Presentence report), to State or local social service agencies (such as the State of California, Department of Social Service), for the purpose of the client's rehabilitation.

iii. Immediately following release, defendant shall report directly to the Probation & Pretrial Services Office for instructions regarding the registration requirements created by the Adam Walsh Child Protection and Safety Act of 2006.

iv.   As directed by the Probation Officer, defendant shall pay all or part of the costs of psychological counseling or psychiatric treatment, or a sex offender treatment program, or any combination thereof to the aftercare contractor during the period of community supervision.  Defendant shall provide payment and proof of payment as directed by the Probation Officer.  If defendant has no ability to pay, no payment shall be required.

v.   Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child

4

pornography, as defined in 18 U.S.C. § 2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. § 2256(2). This condition does not prohibit defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit defendant from possessing materials prepared and used for the purposes of defendant's Court-mandated sex offender treatment, when defendant's treatment provider or the probation officer has approved of defendant's possession of the material in advance.

vi.   Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

vii. Defendant shall not contact the victim(s) by any means, including in person, by mail or electronic means, or via third parties.  Further, defendant shall remain at least 100 yards from the victim(s) at all times.  If any contact occurs, defendant shall immediately leave the area of contact and report the contact to the Probation Officer.

viii.   Defendant shall not enter, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, amusement and theme parks, or other places primarily used by persons under the age of 18, without the prior written authorization of the probation officer.

ix.  With the exception of defendant's biological child, defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of

5

said minor; and (b) on the condition that defendant notify said parent or legal guardian of the defendant's conviction in the instant offense/prior offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., whom defendant must interact with in order to obtain ordinary and usual commercial services.

x.   Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of 18.

xi.  Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

xii. Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten (10) days prior to any scheduled change.

xiii.    Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

1          xiv. Defendant shall submit to a search, at any time,

2   with or without warrant, and by any law enforcement or probation

3   officer, of defendant's person and any property, house, residence,

4   vehicle, papers, computers, cell phones, other electronic

5   communication or data storage devices or media, email accounts,

6   social media accounts, cloud storage accounts, effects and other

7   areas under defendant's control, upon reasonable suspicion concerning

8   a violation of a condition of supervision or unlawful conduct by

9   defendant, or by any probation officer in the lawful discharge of the

10  officer's supervision functions.

11         xv.  Defendant shall not view or possess any

12  materials, including pictures, photographs, books, writings,

13  drawings, videos, or video games, depicting or describing child

14  erotica, which is defined as a person under the age of 18 in partial

15  or complete state of nudity, in sexually provocative poses, viewed

16  for the purpose of sexual arousal.

17         xvi. Defendant shall not possess or view any materials

18  such as videos, magazines, photographs, computer images or other

19  matter that depict "actual sexually explicit conduct" involving

20  adults as defined by 18 U.S.C. § 2257(h)(1).

21         xvii.    Upon release from custody defendant shall

22  submit to a psycho-sexual evaluation approved and directed by the

23  Probation Officer.  Defendant shall abide by all rules, requirements,

24  and conditions, of such an assessment, including submission to risk

25  assessment evaluation, and physiological testing, such as polygraph,

26  and Abel testing, to determine if defendant is a risk for sexual re-

27  offending, in need of additional conditions of supervision and sex

28  offender specific treatment.  As directed by the Probation Officer,

1    defendant shall pay all or part of the costs of the evaluation to the

2    aftercare contractor during the period of community supervision.

3    Defendant shall provide payment and proof of payment as directed by

4    the Probation Officer.  If defendant has no ability to pay, no

5    payment shall be required.

6              xviii.    Defendant shall participate in an evaluation

7    by a trained professional, approved by the Probation Office, to

8    assess defendant's risk to the community as a sex offender.  The

9    evaluation may include physiological testing, such as polygraph and

10   Abel testing.  The Court authorizes the Probation Officer to disclose

11   the Presentence Report, and any previous mental health evaluations or

12   reports, to the evaluation provider.  As directed by the Probation

13   Officer, defendant shall pay all or part of the costs of the sex

14   offender risk evaluation to the aftercare contractor during the

15   period of community supervision.  Defendant shall provide payment and

16   proof of payment as directed by the Probation Officer.  If defendant

17   has no ability to pay, no payment shall be required.

18             xix. Defendant shall possess and use only those

19   digital devices, screen usernames, email accounts, social media

20   accounts, messaging applications, and cloud storage accounts, as well

21   as any passwords or passcodes for all such digital devices and

22   accounts, that have been disclosed to the Probation Officer upon

23   commencement of supervision.  Any new devices, accounts,

24   applications, passwords, or passcodes are to be disclosed to the

25   Probation Officer prior to the first use.  A digital device is any

26   electronic system or device that can access, view, obtain, store, or

27   transmit visual depictions of sexually explicit conduct involving

28   children.

1        xx.  All computers, computer-related devices, and

2   their peripheral equipment, used by defendant shall be subject to

3   search, seizure and computer monitoring.  This shall not apply to

4   items used at the employment site that are maintained and monitored

5   by the employer.

6        xxi. Defendant shall comply with the rules and

7   regulations of the Computer Monitoring Program.  Defendant shall pay

8   the cost of the Computer Monitoring Program.

9      3.   Defendant further agrees:

10       a.   To forfeit all right, title, and interest in and to

11  any and all monies, properties, and/or assets of any kind, derived

12  from or acquired as a result of, or used to facilitate the commission

13  of, or involved in the illegal activity to which defendant is

14  pleading guilty, specifically including, but not limited to, the

15  digital devices used to facilitate the offense (collectively, the

16  "Forfeitable Assets").

17       b.   To the Court's entry of an order of forfeiture at or

18  before sentencing with respect to the Forfeitable Assets and to the

19  forfeiture of the assets.

20       c.   To take whatever steps are necessary to pass to the

21  United States clear title to the Forfeitable Assets, including,

22  without limitation, the execution of a consent decree of forfeiture

23  and the completing of any other legal documents required for the

24  transfer of title to the United States.

25       d.   Not to contest any administrative forfeiture

26  proceedings or civil judicial proceedings commenced against the

27  Forfeitable Assets.  If defendant submitted a claim and/or petition

28  for remission for all or part of the Forfeitable Assets on behalf of

9

himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e. Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

f. Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

g. To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

h. To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

i. That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

<u>THE USAO'S OBLIGATIONS</u>

4. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. At the time of sentencing, move to dismiss the remaining count of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed. Defendant

further agrees that he may be treated as if he had been convicted of
the dismissed charge for purposes of U.S.S.G. § 1B1.2(c), regardless
of whether the factual basis below would be sufficient to satisfy all
elements of each charge.  Defendant waives the right to challenge the
sufficiency of the factual basis as to any element of any dismissed
charge.

      d.   At the time of sentencing, provided that defendant
demonstrates an acceptance of responsibility for the offense up to
and including the time of sentencing, recommend a two-level reduction
in the applicable Sentencing Guidelines offense level, pursuant to
U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
additional one-level reduction if available under that section.

NATURE OF THE OFFENSES

     5.  Defendant understands that for defendant to be guilty of
the crime charged in count one, that is, Production of Child
Pornography, in violation of Title 18, United States Code, Section
2251(a), (e), the following must be true: (1) Defendant employed,
used, persuaded, or coerced an individual to take part in sexually
explicit conduct for the purpose of producing a visual depiction of
such conduct; (2) At the time, the individual was under the age of 18
years; and (3) Defendant either (a) knew or had reason to know that
the visual depiction would be mailed or transported across state
lines or in foreign commerce; (b) the visual depiction was produced
using materials that had been mailed, shipped, or transported across
state lines or in foreign commerce; or (c) the visual depiction was
mailed or actually transported across state lines or in foreign
commerce.  For purposes of this charge, "sexually explicit conduct"
means actual or simulated (i) sexual intercourse; (ii) bestiality;

(iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the anus, genitals, or pubic area of any person.

6.    Defendant understands that for defendant to be guilty of the crime charged in count three, that is, Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B), (b)(1), the following must be true: (1) Defendant knowingly possessed matters that defendant knew contained visual depictions of minors engaged in sexually explicit conduct; (2) Defendant knew the visual depiction contained in the matters showed minors engaged in sexually explicit conduct; (3) Defendant knew that production of such visual depictions involved use of a minor in sexually explicit conduct; and (4) the visual depictions had been either: (a) mailed/shipped/transported in interstate or foreign commerce, or (b) produced using material that had been mailed/shipped/transported in interstate or foreign commerce by computer or other means.

## PENALTIES AND RESTITUTION

7.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2251(a), (e), is: 30 years' imprisonment; a lifetime period of supervised release; a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2252A(a)(5)(B), (b)(1), is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $250,000, or twice

the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 50 years imprisonment; a lifetime period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

10.    Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2251(a), (e), is: 15 years' imprisonment, followed by a 5-year period of supervised release, and a mandatory special assessment of $100.

11.    Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.

13

12.  Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

13.  Defendant understands that, pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court may impose an additional assessment of up to $50,000 per victim.

14.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offenses that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

15.  Defendant understands that as a condition of supervised release, under 18 U.S.C. § 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life.  Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.  Defendant understands that he is required to register and keep his registration current in each of the following jurisdictions: where he resides; where he is an employee; and where

he is a student.  Defendant understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information.  Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status.  Defendant also understands that if he possesses a passport, it will be marked with a unique identifier identifying him as a convicted sex offender.  Defendant understands that if he seeks to travel outside the United States, he must notify his residence jurisdiction of his travel at least 21 days prior to that travel.  Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by fine or imprisonment, or both.

16.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated

collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

17.    Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

18.    Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 20 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

From at least 2022 through at least 2023, defendant and others created and administered multiple online forums in which they enticed, persuaded, and coerced minors to create and share videos depicting the minors themselves engaging in sexually explicit conduct. Several of the individuals who created and administered the online forums along with defendant would use the forums to blackmail the minors who shared such videos, threatening to send the videos to third parties if the minors did not create additional videos depicting themselves engaging in sexual acts and/or degrading acts such as vomiting or cutting the individuals' names into their bodies. Defendant and his associates engaged in this conduct as part of their participation in an online network known as "764," which, among other things, targets minors, including for sexual exploitation online.

In August 2023, on his email account, defendant possessed over 50 images and videos depicting child pornography, and over 100 images and videos depicting child erotica. Several of the videos are recordings that defendant made of video chats between defendant and minor females in which the minor females masturbate on camera at defendant's direction.

**Victim A**

On or about January 4, 2022, in Los Angeles County, within the Central District of California, defendant used the Internet to knowingly persuade, induce, entice, and coerce an individual who defendant knew had not attained the age of 18 years ("Victim A"), to create a video depicting herself engaged in sexually explicit conduct. Specifically, defendant enticed Victim A to participate in a video chat with defendant during which, at defendant's direction, Victim A undresses, displays her vaginal area, and masturbates.

**Victim B**

On or about December 11, 2022, in Los Angeles County, within the Central District of California, defendant persuaded, induced, enticed, and coerced an individual who defendant knew had not attained the age of 18 years ("Victim B"), to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.  Specifically, defendant enticed Victim B, who was 14 years old, to participate in a recorded video chat with defendant in which Victim B is depicted naked and laying down on her back perpendicular to the camera with her face and feet out of view.  In the video, Victim B is depicted masturbating while defendant uses the first name of Victim B, stating, "yeah, keep going," and providing other instructions.

On or about January 6, 2023, in Los Angeles County, within the Central District of California, defendant knowingly possessed child pornography that had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and that had been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, knowing that the file was child pornography. Specifically, defendant possessed a recording of a video call between defendant and Victim B in which Victim B is depicted naked and masturbating.

**Victim C**

On or about June 9, 2023, in Los Angeles County, within the Central District of California, defendant persuaded, induced, enticed, and coerced an individual who defendant knew had not attained the age of 18 years ("Victim C"), to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce. Specifically, defendant enticed Victim C to participate in a recorded video chat with defendant in which Victim C is depicted naked with her vaginal region and breasts displayed for the camera. In the video, Victim C masturbates while holding one of her breasts. At the end of the video, Victim C asks defendant to tell her when he is finished.

## SENTENCING FACTORS

19. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and the maximum set by statute for the crime of conviction.

20.    Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 32 | U.S.S.G. § 2G2.1(a) |
| Involved Minor Under 16 | +2 | U.S.S.G. § 2G2.1(b)(1)(B) |
| Use of a Computer | +2 | U.S.S.G. § 2G2.1(b)(6)(B)(ii) |
| Multiple Count Adjustment | +3 | U.S.S.G. § 3D1.4; U.S.S.G. § 2G2.1(d) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

21.    Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

22.    Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

23.    Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.    The right to persist in a plea of not guilty.

        b.    The right to a speedy and public trial by jury.

        c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

24.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>LIMITED WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK</u>

25.   Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment

imposed by the Court, including, to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $100,000; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraphs 2 and 15 above.

26.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

27.  This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

28.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

Defendant further agrees that this paragraph of the agreement is severable.  Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty pleas, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement.  Defendant also agrees that his waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

RESULT OF WITHDRAWAL OF GUILTY PLEA

29.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result

of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

30.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## EFFECTIVE DATE OF AGREEMENT

31.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

32.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant

24

United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

33. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

34. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing

recommendations or the parties' agreements to facts or sentencing factors.

35.    Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 20 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

36.    Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

1          <u>NO ADDITIONAL AGREEMENTS</u>

2          37.  Defendant understands that, except as set forth in an

3     agreement entered into in a writing signed by all parties or on the

4     record in court, there are no promises, understandings, or agreements

5     between the USAO and defendant or defendant's attorney.

6          <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

7          38.  The parties agree that this agreement will be considered

8     part of the record of defendant's guilty plea hearing as if the

9     entire agreement had been read into the record of the proceeding.

10    AGREED AND ACCEPTED

11    UNITED STATES ATTORNEY'S OFFICE
      FOR THE CENTRAL DISTRICT OF
12    CALIFORNIA

13    BILAL A. ESSAYLI
      First Assistant United States
14    Attorney

15          *Amanda Elbogen*
                                              11/10/2025
16    AMANDA B. ELBOGEN                       Date
      Assistant United States Attorney

17

18    JOSE HENRY AYALA CASIMIRO               11/9/25
      Defendant                              Date

19

20    SHANNON COIT                            11/9/25
      Deputy Federal Public Defender         Date
21    Attorney for Defendant
      JOSE HENRY AYALA CASIMIRO

22

23

24

25

26

27

28

                            27

1      <u>CERTIFICATION OF DEFENDANT</u>

2          I have read this agreement in its entirety.  I have had enough

3      time to review and consider this agreement, and I have carefully and

4      thoroughly discussed every part of it with my attorney.  I understand

5      the terms of this agreement, and I voluntarily agree to those terms.

6      I have discussed the evidence with my attorney, and my attorney has

7      advised me of my rights, of possible pretrial motions that might be

8      filed, of possible defenses that might be asserted either prior to or

9      at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10     of relevant Sentencing Guidelines provisions, and of the consequences

11     of entering into this agreement.  No promises, inducements, or

12     representations of any kind have been made to me other than those

13     contained in this agreement.  No one has threatened or forced me in

14     any way to enter into this agreement.  I am satisfied with the

15     representation of my attorney in this matter, and I am pleading

16     guilty because I am guilty of the charges and wish to take advantage

17     of the promises set forth in this agreement, and not for any other

18     reason.

19

20     _____        11/9/25  _____
       JOSE HENRY AYALA CASIMIRO                   Date
21     Defendant

22

23

24

25

26

27

28

                                    28

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JOSE HENRY AYALA CASIMIRO's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____          11/9/25
SHANNON COIT                               Date
Deputy Federal Public Defender
Attorney for Defendant
JOSE HENRY AYALA CASIMIRO